Jason M. Ayres, OSB #001966
jayres@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

Attorneys for Northwest Bank

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>W.W. Construction, LLC,<br><br>        Debtor. | Case No. 18-60234-dwh11<br><br>NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION |

## INTRODUCTION

Northwest Bank objects to the Debtor's Motion for Preliminary Use of Cash Collateral of Debtor-in-Possession and Granting Adequate Protection (the "Motion") based on the Debtor's failure and inability to provide adequate protection as required by the Bankruptcy Code. Accordingly, the court should deny the Debtor's motion and prohibit use of Northwest Bank's cash collateral.

## BACKGROUND FACTS

The Debtor acknowledges Northwest Bank's secured claim and the perfection and priority of its security interest. However, the Debtor's Motion only lists one of the loans made to the Debtor. Northwest Bank made two loans to the Debtor for its business operations. Specifically, on or about March 23, 2015, the Debtor executed and delivered to Northwest Bank a Promissory Note in the original principal amount of $610,000.00 with a maturity date of April 1, 2023 (the "Equipment Term Loan") and a Promissory Note in the original principal amount of

Page 1 of 6 - NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION
P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

1  $250,000.00 with an initial maturity date of April 1, 2016 (the "Line of Credit").  Pursuant to a
2  subsequent change in terms agreements, the credit limit was increased to $325,000.00 and the
3  maturity date was extended to May 31, 2018.  The Equipment Term Loan is primarily secured by
4  the Debtor's equipment.  The Line of Credit is secured by the debtor's assets including all
5  accounts, equipment, inventory, rights to payment and additional collateral.  As additional
6  security for the Line of Credit, Robert David Wheeler and Beth Ann Wheeler as Trustees of
7  Wheeler Family Trust UAD March 9, 2007 executed and delivered to Northwest Bank a Line of
8  Credit Instrument pursuant to which Northwest Bank was granted an interest in real property
9  commonly known as 7945 NE Avery St., Newport, Oregon (the "Real Property").  The Line of
10 Credit Instrument contains a cross-collateralization provision pursuant to which all other debts
11 and liabilities are additionally secured by the Real Property, including the Equipment Term
12 Loan.
13         As of the petition date, there was a principal balance due under the Equipment
14 Term Loan of $431,864.87 with a payment of $8,005.34 due on February 1, 2018 and there was
15 a principal balance due under the Line of Credit of $324,306.19 with a payment of $1,954.84 due
16 on January 31, 2018.  The Equipment Term Loan and Line of Credit are personally guaranteed
17 by Robert David Wheeler and Beth Ann Wheeler.
18                                         DISCUSSION
19         1.      Section 363(e) of the Bankruptcy Code prohibits use of cash collateral or
20 requires the court to condition such use by requiring the Debtor to provide adequate protection.
21 Section 361 addresses adequate protection and states that "[w]hen adequate protection is required
22 under section …363…of an interest of an entity in property, such adequate protection may be
23 provided by:  (1) making cash payments to the extent of the decrease in the value of the secured
24 creditor's interest in the property; (2) granting a replacement lien on other property to the extent
25 of the decrease in the value of the secured creditor's interest in the property; or (3) "granting
26 such other relief… as will result in the realization by such entity of the indubitable equivalent of

Page 2 of 6 -    NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF
                 CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE
                 PROTECTION
                 P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

such entity's interest in such property." Furthermore, pursuant to 11 U.S.C. §363(p), the Debtor has the burden of proof on the issue of adequate protection.

2. The Debtor proposes to use $399,975.03 in cash collateral in the month of February 2018 for "reasonable and necessary payments related to the Debtor's business." The Debtor's budget estimates available funds from accounts receivable of $346,061.52 for the month of February. Accordingly, the Debtor's own projections indicate a loss of $42,715.69 for the month. Based on the Debtor's projections, use of cash collateral will result in an operating loss and depletion of all of the Debtor's current accounts receivable.

3. Second, the budget provided by the Debtor proposes to pay $190,000 for materials delivered pre-petition pursuant to 503(b)(9). The Debtor has not yet filed its schedules or provided specific information regarding this debt. From the list of the 20 largest creditors, this debt is presumably owed to Smith & Loveless for a "pump." Despite this, the Motion is completely devoid of any discussion regarding this debt or any need to pay this debt within the first month of the Bankruptcy. There is simply no way for the court or any creditor to know whether this figure is accurate or whether the intended recipient is entitled to payment pursuant to 503(b)(9). The Debtor must be denied any request to use cash collateral to pay this undisclosed expense. Only after proper notice and hearing as required by 11 U.S.C. § 503(b) should the court consider authorizing any payments if the creditor qualifies for such treatment. Based on the Debtor's budget and inability to adequately protect Northwest Bank, as discussed below, the Debtor must be denied authority to pay this debt at this stage of the proceeding.

4. The budget also includes an initial large expense of $62,423.91 for other job related materials. That figure drops to $28,000 the following month and continues to decrease going forward. The Debtor has not explained why it needs to immediately pay $62,423.91 for materials during the first month of its bankruptcy. This request is more concerning based on the Debtor's request to pay $190,000 for materials delivered within 20 days of the Petition Date pursuant to 503(b)(9). The Debtor is requesting authorization to pay for

Page 3 of 6 - NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION
P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

$252,423.91 in materials in the first month of its bankruptcy. It is far too early to give the Debtor use of this much cash collateral without proper adequate protection and without any explanation as to why use of these funds constitutes reasonable and necessary business expenses which would preserve the value of the estate.

5. The Debtor also appears to assert that Northwest Bank is adequately protected based on an alleged equity cushion. The Debtor must prove to the court that a <u>substantial</u> equity cushion exists which would constitute the indubitable equivalent of Northwest Bank's interest. The law is clear that the existence of a small equity cushion does not constitute adequate protection. *In re Kost*, 102 B.R. 829, 831-32 (Bankr. D. Wyo. 1989). In the Motion, the Debtor asserts that Northwest Bank is owed $324,731.84 which is secured by collateral valued at $349,059.00 along with equity of $47,173.00 in the Real Property. However, as discussed above, the Real Property secures all obligations owed by the Debtor to Northwest Bank including the Equipment Term Loan. The total principal balances of the two loans alone is $756,171.06. Based on these figures, there is only an equity cushion of 6.9% in the personal property for purposes of the Line of Credit. This does not constitute a substantial equity cushion. Moreover, this small cushion will continue to decrease as the cash collateral is used and the additional collateral which secures Northwest Bank's loan depreciates in value. The Debtor has not explained what property makes up the $349,059.00. Without schedules and without a breakdown of the property and values, there is no way understand what this value consists of or how it will be diminished post-petition. As discussed above, the Debtor intends to use all of the available accounts receivable to operate over the month of February resulting in a net loss. To the extent this figure includes accounts receivable, the overall value will decrease and Northwest Bank may be under-secured. Northwest Bank is not adequately protected by the value of the property.

6. The proposed replacement lien is also inadequate. As explained above, the accounts receivable of $346,061.52 will be completely used according to the Debtor's

Page 4 of 6 - NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION
P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

budget. The Debtor only projects receivables of $175,684.79 for the month of March with the receivables decreasing each month thereafter. Therefore, a replacement lien on future accounts receivable does not protect the Bank from the projected loss in value of its cash collateral. In addition, any materials purchased will be used for jobs and will not remain assets of the estate subject to replacement liens. The Debtor completely fails to explain how a replacement lien will adequately protect Northwest Bank based on the budget.

7. The Debtor's proposed adequate protection payments are also inadequate. First, the Debtor is not even proposing to make an adequate protection payment for 90 days despite proposing to pay $190,000 in pre-petition debt. Second, the Debtor is only proposing an interest payment. Based on the above analysis and the Debtor's budget, the value of Northwest Bank's collateral will immediately decrease if the Debtor is authorized use of cash collateral. The Debtor bears the burden to establish that Northwest Bank is adequately protected, it cannot do so based on its Motion.

8. If the court authorizes use of cash collateral despite the failure of the Debtor to provide adequate protection, the budget must be revised as discussed above to remove the line item for $190,000 in pre-petition materials and job related materials should be limited unless properly explained by the Debtor. Northwest Bank additionally objects to the requested budget variance of 15% for a budget already projecting a loss. Last, the Debtor's finances must be scrutinized post-petition in light of this budget. In addition to the reporting listed in paragraph 10 of the proposed order, the Debtor should be required to produce monthly financials including profit & loss statements and a monthly balance sheet. All of the financial records should be provided by the 15th of the following month to allow creditors to monitor the Debtor's performance.

## CONCLUSION

The Debtor is proposing to immediately deplete assets of the estate without the ability to adequately protect Northwest Bank. Based on the foregoing analysis, the court should

Page 5 of 6 - NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION
P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

prohibit the Debtor from using Northwest Bank's cash collateral.

Dated: January 30, 2018.

FARLEIGH WADA WITT

By: /s/ Jason M. Ayres
Jason M. Ayres, OSB #001966
(503) 228-6044
jayres@fwwlaw.com
Of Attorneys for Northwest Bank

Page 6 of 6 - NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION
P:\DOCS\JMA\09036\PLDG\3RT0891.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Case 18-60234-dwh11    Doc 13    Filed 01/30/18

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2018 I served the foregoing **NORTHWEST BANK'S OBJECTION TO DEBTOR'S MOTION FOR PRELIMINARY USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION** on the following parties *via electronic notification, e-mail, facsimile or by depositing a true copy thereof, contained in a sealed envelope, with first-class postage prepaid*, addressed to said parties at the last known address shown below and in the U.S. mail at Portland, Oregon:

- **DOUGLAS R RICKS**  vbcservicedougr@yahoo.com, doug@vbcattorneys.com
- **US Trustee, Eugene**  USTPRegion18.EG.ECF@usdoj.gov

Dated: January 30, 2018.

FARLEIGH WADA WITT

By: /s/ Jason M. Ayres
Jason M. Ayres, OSB #001966
(503) 228-6044
jayres@fwwlaw.com
Attorneys for Northwest Bank

Page 1 – CERTIFICATE OF SERVICE

P:\DOCS\JMA\09036\PLDG\3RT1735.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741